1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   OTIS MIGUEL CRAWFORD,                      No.  2:15-cv-0577-EFB P

12              Plaintiff,

13        v.                                    ORDER GRANTING IFP AND DISMISSING
                                                COMPLAINT WITH LEAVE TO AMEND
14   PERRY, et al.,                             PURSUANT TO 28 U.S.C. § 1915A

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.[1]  In addition to filing a complaint, he has filed an application to proceed in forma

19   pauperis pursuant to 28 U.S.C. § 1915.

20   **I.    Request to Proceed In Forma Pauperis**

21        Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

22   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

23   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

24   § 1915(b)(1) and (2).

25   /////

26   /////

27        [1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.
     § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local
28   Rules, Appx. A, at (k)(4).

1    **II.    Screening Requirement and Standards**

2              Federal courts must engage in a preliminary screening of cases in which prisoners seek

3    redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

4    § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

5    of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

6    relief may be granted," or "seeks monetary relief from a defendant who is immune from such

7    relief."  *Id.* § 1915A(b).

8              A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

9    of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

10   plain statement of the claim showing that the pleader is entitled to relief, in order to give the

11   defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

12   *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

13   While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

14   its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

15   U.S. 662, 679 (2009).

16             To avoid dismissal for failure to state a claim a complaint must contain more than "naked

17   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

18   action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

19   a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

20   678.

21             Furthermore, a claim upon which the court can grant relief must have facial plausibility.

22   *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

23   content that allows the court to draw the reasonable inference that the defendant is liable for the

24   misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

25   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

26   *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

27   plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

28   /////

2

1   **III.    Screening Order**

2        The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds

3   that it must be dismissed with leave to amend for failure to state a claim.  Plaintiff alleges that

4   defendants Payne and Speers told him that if he wanted preferred legal user status in the library,

5   he needed to submit a written form.  About a week later, when plaintiff was finally called to the

6   library, defendant Peterson allegedly refused to let plaintiff go because of his housing and

7   classification status.  Defendant Weber allegedly became involved, and threatened to move

8   plaintiff and to assault plaintiff.  In addition to financial compensation, plaintiff requests an

9   investigator and asks that the court investigate whether his access to the court was hindered.

10  The complaint fails to identify any specific claims for relief.  To proceed, plaintiff must file an

11  amended complaint.

12        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)

13  that a right secured by the Constitution or laws of the United States was violated, and (2) that the

14  alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*,

15  487 U.S. 42, 48 (1988).   An individual defendant is not liable on a civil rights claim unless the

16  facts establish the defendant's personal involvement in the constitutional deprivation or a causal

17  connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

18  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

19  (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable

20  for the unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679

21  (2009).  In sum, plaintiff must identify the particular person or persons who violated his rights.

22  He must also plead facts showing how that particular person was involved in the alleged

23  violation.

24        Prisoners have a constitutional right of access to the courts.  *Bounds v. Smith*, 430 U.S.

25  817, 828 (1977).  Prisoners also have a right "to litigate claims challenging their sentences or the

26  conditions of their confinement to conclusion without *active interference* by prison officials."

27  *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011).  An inmate alleging a violation of this

28  right must show that he suffered an actual injury.  *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996).

1   That is, plaintiff must allege that the deprivation actually injured his litigation efforts, in that the

2   defendant hindered his efforts to bring, or caused him to lose, an actionable claim challenging his

3   criminal sentence or conditions of confinement.  *See id.* at 351; *Christopher v. Harbury*, 536 U.S.

4   403, 412-15 (2002).

5         Inmates do not have the right to a law library or legal assistance.  *Lewis*, 518 U.S. at 351.

6   Law libraries and legal assistance programs are only the means of ensuring access to the courts.

7   *Id.*  Because inmates do not have "an abstract, freestanding right to a law library or legal

8   assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law

9   library or legal assistance program is subpar in some theoretical sense."  *Id.*

10        Prisoners enjoy a First Amendment right to petition the government for redress of

11   grievances.  *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989); *O'Keefe v. Van Boening*, 82 F.3d

12   322, 325 (9th Cir. 1996); *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995).  However, a prison

13   may adopt regulations that impinge on an inmate's constitutional rights if the regulations are

14   reasonably related to legitimate penological interests.  *Turner v. Safley*, 482 U.S. 78, 89 (1987);

15   *Witherow*, 52 F.3d at 265.

16        To state a viable First Amendment retaliation claim, a prisoner must allege five elements:

17   "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3)

18   that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

19   Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

20   *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  Conduct protected by the First

21   Amendment includes communications that are "part of the grievance process."  *Brodheim v. Cry*,

22   584 F.3d 1262, 1271 n.4 (9th Cir. 2009).  If plaintiff intends to assert a retaliation claim, he must

23   specifically identify the protected conduct at issue and plead that the allegedly adverse action was

24   taken "because of" that conduct.

25        The Eighth Amendment protects prisoners from inhumane methods of punishment and

26   from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

27   2006).  To show a violation of the Eighth Amendment, plaintiff must allege facts sufficient to

28   support a claim that prison officials knew of and disregarded a substantial risk of serious harm to

4

1   the plaintiff.  *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124,

2   1128 (9th Cir. 1998).  Extreme deprivations are required to make out a conditions of confinement

3   claim, and only those deprivations denying the minimal civilized measure of life's necessities are

4   sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*,

5   503 U.S. 1, 9 (1992).   A mere threat of physical harm is not a constitutional wrong.  *See Gaut v*

6   *Sunn*, 810 F.2d 923, 925 (9th Cir. 1987).  Likewise, verbal harassment alone does not violate the

7   Eighth Amendment.  *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996).

8          Prisoners have no Fourteenth Amendment liberty interest in avoiding being transferred to

9   another prison (or being housed in a particular institution).  *See Olim v. Wakinekona*, 461 U.S.

10  238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225-27 (1976); *United States v. Brown*, 59

11  F.3d 102, 105 (9th Cir. 1995) (per curiam).  Inmates have "no justifiable expectation" that they

12  will be incarcerated in any particular prison, and transferring an inmate to another prison does not

13  infringe a protected liberty interest.  *Olim*, 461 U.S. at 245; *Vitek v. Jones*, 445 U.S. 480, 489

14  (1980); *see also Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (due process protections

15  generally do not apply when prison officials change an inmate's place of confinement, "even

16  though the degree of confinement may be different and prison life may be more disagreeable in

17  one institution than in another").

18         Plaintiff will be granted leave to file an amended complaint to afford him another

19  opportunity to allege a cognizable legal theory against a proper defendant and sufficient facts in

20  support of that cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000)

21  (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any

22  deficiency in their complaints).  Should plaintiff choose to file an amended complaint, the

23  amended complaint shall clearly set forth the claims and allegations against each defendant.

24         Any amended complaint must not exceed the scope of this order and may not add new,

25  unrelated claims.  Further, any amended complaint must cure the deficiencies identified above

26  and also adhere to the following requirements:

27         Any amended complaint must identify as a defendant only persons who personally

28  participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*

5

1 | *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

2 | constitutional right if he does an act, participates in another's act or omits to perform an act he is

3 | legally required to do that causes the alleged deprivation).   It must also contain a caption

4 | including the names of all defendants. Fed. R. Civ. P. 10(a).

5 | Any amended complaint must be written or typed so that it so that it is complete in itself

6 | without reference to any earlier filed complaint.  L.R. 220.  This is because an amended

7 | complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

8 | earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

9 | F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

10 | being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

11 | 1967)).

12 | Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil

13 | Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

14 | See Local Rule 110.

15 | Accordingly, IT IS HEREBY ORDERED that:

16 | 1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

17 | 2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

18 | accordance with the notice to the California Department of Corrections and

19 | Rehabilitation filed concurrently herewith.

20 | 3.  The complaint is dismissed with leave to amend within 30 days.  The amended

21 | complaint must bear the docket number assigned to this case and be titled "First

22 | Amended Complaint."  Failure to comply with this order will result in this action

23 | being dismissed for failure to state a claim. If plaintiff files an amended complaint

24 | stating a cognizable claim the court will proceed with service of process by the United

25 | States Marshal.

26 | Dated:  May 19, 2016.

27 | EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

28 |

6